# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**JUSS US FOR JUSTICE, INC. et al.,**
       Plaintiffs,

   v.                                               Case No. 12-C-0349

**MILWAUKEE COUNTY, et al.,**
       Defendants.

## DECISION AND ORDER

On April 13, 2012, Betty Martin, the executive director of a corporation named Juss Us For Justice, Inc., and nineteen other individuals—all of them proceeding pro se—filed a complaint in this court, purportedly on behalf of themselves and a class composed of "approximately 60,000 black children and employees" and 592 other "Black Daycare Providers." Compl. ¶ 1. The complaint arises out of an investigation involving Wisconsin Shares, a publicly funded program designed to help low-income families pay for childcare. Federal, state, and local governments commenced the investigation after the <u>Milwaukee Journal Sentinel</u> published a series of articles indicating that many childcare providers had been defrauding the program. The individual plaintiffs ran daycare facilities that were suspended from the Wisconsin Shares program during the course of the investigation.

The decision to initiate this lawsuit was not well thought out, and already this case is a mess. A key problem is that the complaint is bloated and unfocused. It is sixty-seven pages long, contains more than 326 paragraphs, names eighteen defendants in the caption (and seems to name even more in the body of the complaint), purports to state multiple causes of action arising out of many different transactions or occurrences, and is

highly disorganized—its claims are not set out in distinct counts and it is not clear which allegations apply to which defendants. It appears that the complaint is more of an expression of the plaintiffs' feelings of frustration with how they were treated than an attempt to state plausible legal claims. The only allegations that even come close to hinting at legal claims are the allegations that the defendants (it is not clear which ones) committed racial discrimination by treating black daycare facilities less favorably than white daycare facilities, see, e.g., Compl. ¶ 90, and that some defendants conducted unreasonable searches and seizures at the plaintiffs' daycare facilities, see, e.g., Compl. ¶ 143. But even these allegations are scattered and concealed in a "morass of irrelevancies," which makes it impossible to determine whether the complaint states any viable legal claims. United States ex rel. Garst v. Lockheed-Martin Corp., 328 F.3d 374, 378–79 (7th Cir. 2003). The complaint does not put each defendant on notice of what he, she, or it is alleged to have done wrong, and so the defendants cannot be expected to file proper answers. Accordingly, the complaint will be dismissed as unintelligible. Stanard v. Nygren, 658 F.3d 792, 797–800 (7th Cir. 2011); Garst, 328 F.3d at 378–79.

After the defendants filed motions to dismiss the complaint and identified various deficiencies in the complaint and plaintiffs' attempt to complete service of process, Betty Martin filed a motion to amend the complaint. The motion does not attach a proposed amended complaint, and the motion does not describe any changes that would be made to the complaint; it states only that the amendment "will cure all deficiencies mentioned in the Defendant's motion to dismiss." See Br. in Supp. of Mot. to Amend at 3, ECF No. 29. Betty Martin is not a lawyer and therefore cannot file anything on behalf of any of the plaintiffs, see Gen L.R. 83(e) (E.D. Wis. 2010), and she is not herself a plaintiff in this case.

For these reasons, I must disregard the motion to amend, which was signed only by her. Nonetheless, the question remains whether I should grant the nineteen individual plaintiffs leave to file an amended complaint. Normally, I would grant a pro se plaintiff leave to do so, but granting leave to amend in this case would be futile because the complaint is beyond repair. But this does not mean that I will dismiss the case with prejudice. If a statement that Betty Martin makes in her motion to amend can be believed, plaintiffs are attempting to find a lawyer to represent them and file a proper complaint. See Br. in Supp. of Mot. to Amend at 3. Should a lawyer decide to represent the plaintiffs, he or she will no doubt wish to file a fresh complaint rather than try to fix the one that has already been filed. Thus, in case a lawyer determines that the plaintiffs have viable legal claims, I will dismiss the present case without prejudice, leaving the plaintiffs free to file a new lawsuit if they decide that that is what they want to do.

     Should the plaintiffs not be able to find a lawyer, they may of course file another lawsuit pro se if they conclude that they have non-frivolous claims—i.e., claims having a reasonable basis in law and fact. But if they decide that they have such claims, they must somehow find a way to file an intelligible complaint. Although I cannot provide comprehensive advice on how to draft a proper federal complaint, plaintiffs should pay careful attention to Federal Rule of Civil Procedure 8(a)(2), which states that the complaint should contain a "short and plain statement of the claim showing that the pleader is entitled to relief." In other words, the complaint should be short and to the point—plaintiffs do not need to list every fact that might be relevant to their claims. If the plaintiffs intend to bring multiple claims and sue multiple defendants, they should organize their complaint in separate counts, with each count making clear what the overall claim is about, who the

defendants are, and what basic facts are relevant to that count. See Fed. R. Civ. P. 10(b). The plaintiffs should also think about whether they can join all of their claims in a single, omnibus lawsuit. Under Federal Rule of Civil Procedure 20(a), plaintiffs may join together in one action only if their claims arise out of the same transaction, occurrence, or series of transactions or occurrences. To the extent plaintiffs plan to assert claims based on unreasonable searches and seizures, I think that they must each file a separate lawsuit, since the search and seizure at each daycare facility would be a separate transaction or occurrence. Finally, and perhaps most importantly, plaintiffs should give careful thought to whether their claims have a reasonable basis in law and fact and include only claims having such a reasonable basis in any future complaint. In their current complaint, plaintiffs attempt to assert claims based on "racial profiling" and "hate crimes," but those claims are frivolous, inasmuch as civil claims based on racial profiling and hate crimes do not exist. Those claims should not have been included in the complaint, and they should of course be omitted from any future complaint.

Accordingly, **IT IS ORDERED** that the complaint is **DISMISSED** as unintelligible and that this action is **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that the defendants' motions to dismiss (ECF Nos. 7, 15, 21 & 24), and all other motions filed in this case (ECF Nos. 2, 28, 35, 40 & 41) are **DENIED** as **MOOT**.

Dated at Milwaukee, Wisconsin, this 25th day of July, 2012.

                                                s/ Lynn Adelman
                                                LYNN ADELMAN
                                                District Judge